1  MAYER BROWN LLP
   DALE J. GIALI (SBN 150382)
2  *dgiali@mayerbrown.com*
   KERI E. BORDERS (SBN 194015)
3  *kborders@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, California 90071-1503
   Telephone:    (213) 229-9500
5  Facsimile:    (213) 576-8122

6  *Attorneys for Nestlé USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA CHESLOW and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>NESTLÉ USA, INC. and DOES 1 THROUGH 10, inclusive.<br><br>    Defendants. | Case No. 5:19-cv-07471-BLF<br><br>**NESTLÉ USA, INC.'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**<br><br>Hearing date: February 27, 2020<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>Honorable Beth L. Freeman |

## I. THE UNOPPOSED MOTION TO DISMISS SHOULD BE GRANTED

Plaintiffs' opposition to Nestlé USA, Inc.'s motion to dismiss was due on January 22, 2020. *See* ECF No. 12 and Local Rule 7-3(a). Because plaintiffs did not file opposition, Nestlé's motion to dismiss stands unopposed and, on that basis, the Court should grant the motion. *See, e.g.*, *Prince v. Fremont Police Dep't*, 2013 WL 3157925 (N.D. Cal. June 20, 2013) (deeming motion to dismiss unopposed and granting motion when plaintiff filed unauthorized amendment instead of opposing motion); *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (affirming dismissal where plaintiff failed to oppose motion to dismiss).

On January 22, 2020, instead of opposing the motion, plaintiffs filed an amended complaint. ECF No. 13. But, plaintiffs did not obtain leave of court or Nestlé's consent, and their time to amend as of right expired on December 26, 2019, more than a month before the amended complaint was filed. *See* Fed. R. Civ. P. 15(a)(1)(B) and (a)(2). Accordingly, the amended complaint is not authorized and should be stricken. *See Prince*, 2013 WL 3157925 at *4 (striking unauthorized complaint); *Sunde v. Haley*, 2013 WL 5973815 (D. Nev. Nov. 7, 2013) (same); *Hewitt v. Quality Loan Servs.*, 2019 WL 3287078 (W.D. Wash. July 22, 2019) (same).

## II. THIS ACTION SHOULD BE DISMISSED WITH PREJUDICE

For the reasons set forth in Nestlé's motion, the complaint should be dismissed with prejudice. Amendment is futile because Plaintiffs cannot identify any false or misleading statement by Nestlé. Nestlé never said or represented—expressly, impliedly, or otherwise—that its Premier White Morsels product contains "white chocolate," "cacao," or "cocoa butter." Mot. 5-7. Unable to plausibly allege that Nestlé labels or advertises the Premier White Morsels as containing white chocolate, plaintiffs cannot state a claim. *See Becerra v. Dr Pepper/Seven Up, Inc.*, -- F.3d --, 2019 WL 7287554 at *3-4 (9th Cir. 2019) (affirming dismissal of labeling false advertising complaint and holding as a matter of law that reasonable consumers would not find product's label misleading, even where plaintiffs proffered consumer survey to show confusion). No amendment can remedy this fundamental defect in the complaint.

| | |
|---|---|
| Dated:  February 5, 2020 | MAYER BROWN LLP<br>Dale J. Giali<br>Keri E. Borders<br><br>By: _____*/s/ Dale J. Giali*_____<br>            Dale J. Giali<br><br>Attorneys for Defendant<br>NESTLÉ USA, INC. |