UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT and LINDA CHESLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NESTLE USA, INC.,<br><br>Defendant. | Case No. 19-cv-07471-BLF<br><br>**ORDER GRANTING MOTION TO STAY; TERMINATING WITHOUT PREJUDICE MOTION TO DISMISS SECOND AMENDED COMPLAINT; VACATING DECEMBER 17, 2020 HEARING; AND ADMINISTRATIVELY CLOSING CASE**<br><br>[Re: ECF 55, 56] |

This order addresses two motions that have been noticed for hearing on December 17, 2020: (1) a motion to dismiss the second amended complaint filed by Defendant Nestle USA, Inc., and (2) a motion to stay the case filed by Plaintiffs Steven Prescott and Linda Cheslow.

Pursuant to Civ. L.R. 7-1(b), the Court finds the stay motion suitable for decision without oral argument, and it GRANTS a stay for the reasons discussed below. In light of the stay, the Court TERMINATES WITHOUT PREJUDICE Nestlé's motion to dismiss. The December 17, 2020 hearing is VACATED.

**I.   BACKGROUND**

Plaintiffs filed this putative class action against Nestlé in the Santa Cruz County Superior Court on September 19, 2019, alleging that Nestlé violates state consumer protection statutes in marketing its "Nestlé's Toll House's Premier White Morsels." *See* Compl., ECF 1-1. Specifically, Plaintiffs claim that Nestlé "sells fake white chocolate baking chips and tries to market them as white chocolate" and that Nestlé's profits are "attributable, in part, to deceptive

labeling and advertising of the Product as containing white chocolate" when "[i]n reality, the Product does not contain *any* white chocolate." Compl. ¶¶ 1, 3. The complaint asserted claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq. See* Compl., ECF 1-1. Nestlé removed the case to federal court on November 13, 2019. *See* Notice of Removal, ECF 1. Plaintiffs have amended their claims once as of right and once following this Court's dismissal of their first amended complaint ("FAC") with leave to amend. *See* FAC, ECF 13; SAC, ECF 54.

In its order dismissing the FAC, the Court noted that Cheslow and Prescott are the named plaintiffs in another putative class action in this district, *Cheslow v. Ghirardelli Chocolate Co.*, No. 19-cv-07467, in which they claim that Ghirardelli deceives consumers into believing that its "Premium Baking Chips Classic White Chips" product contains white chocolate when it does not. *See* Order Granting Motion to Dismiss at 4-5, ECF 49. The complaint in *Ghirardelli* had been dismissed with leave to amend based in part on the district court's conclusion that use of the words "white" and "premium" in the labeling would not deceive a reasonable consumer into believing that Ghirardelli's baking chips contain white chocolate. *See Cheslow v. Ghirardelli Chocolate Co.* ("*Ghirardelli I*"), 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020). This Court found *Ghirardelli I* "highly persuasive" and relied on it in concluding that no reasonable consumer would believe that Nestlé's baking chips contain white chocolate simply because the words "white" and premier" are used in the labeling. Order Granting Motion to Dismiss at 5-8, ECF 49. This Court dismissed the FAC against Nestlé with leave to amend. *See id.* at 10.

Meanwhile, the *Ghirardelli* court issued an order dismissing the amended complaint with prejudice. *See Cheslow v. Ghirardelli Chocolate Co.* ("*Ghirardelli II*"), No. 19-CV-07467-PJH, 2020 WL 4039365, at *1 (N.D. Cal. July 17, 2020). Plaintiffs had added new allegations showing that 92% of consumers surveyed believed the Ghirardelli product contains white chocolate. *See Ghirardelli II*, 2020 WL 4039365, at *6. The district court held that the survey could not transform inadequate claims into adequate ones. *See id.* In addition, the court noted that the

2

1   survey respondents were not shown the back of the product package and thus were not able to see
2   the ingredient list. *See id.* The *Ghirardelli* court opined that "where the defendant does not
3   commit a deceptive act, the reasonable consumer cannot entirely disregard the ingredient list," and
4   that "[b]ecause the survey does not address the ingredient list (by omitting the back panel), it
5   cannot transform plaintiffs' unreasonable understanding concerning white chips into a reasonable
6   one." *Id.*

7   A few days after *Ghirardelli II* issued, Plaintiffs filed their operative second amended
8   complaint ("SAC") in the present action. *See* SAC, ECF 54. Plaintiffs have added new
9   allegations showing that 95% of consumers surveyed believed the Nestlé product contains white
10  chocolate. *See* SAC ¶¶ 10, 86. Nestlé has filed a motion to dismiss the SAC that relies heavily on
11  the final dismissal order in the parallel *Ghirardelli* case. *See* Mot. to Dismiss, ECF 55. Indeed,
12  Nestlé has cited to *Ghirardelli* more than twenty times in its twelve-page motion to dismiss the
13  SAC in the present action, arguing that this Court should follow the *Ghirardelli* court's reasoning
14  and dismiss the present action with prejudice. *See id.*

15  Plaintiffs have filed an opposition to Nestlé's motion to dismiss and a motion to stay the
16  present case pending disposition of their Rule 59(e) motion and appeal in *Ghirardelli*. *See* Opp. to
17  Mot. to Dismiss, ECF 57; Mot. to Stay, ECF 56. The Rule 59(e) motion since has been denied
18  and the *Ghirardelli* appeal is proceeding. *See* Order Denying Rule 59(e) Motion in Case No. 19-
19  cv-07467, ECF 64; Plaintiffs-Appellants' Response in Case No. 20-16576, Dkt. Entry 7. Plaintiffs
20  contend that they are likely to prevail on their appeal of the *Ghirardelli* judgment in light of the
21  Ninth Circuit's recent decision in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020),
22  which was issued after entry of judgment in *Ghirardelli*.

23  Both the motion to dismiss and the motion to stay are fully briefed and set for hearing on
24  December 17, 2020. Plaintiffs ask the Court to stay consideration of the motion to dismiss, and all
25  litigation in this case, pending disposition of the *Ghirardelli* appeal. Nestlé contends that
26  Plaintiffs have not established an adequate basis for a stay and it urges the Court to proceed with a
27  determination on the merits of the motion to dismiss.

28

## II. LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.,* 593 F.2d 863–864 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*; *see also Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014). In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III. DISCUSSION

Plaintiffs argue that a stay is warranted under this standard, because there is no possibility of damage to Nestlé, Plaintiffs will suffer hardship if required to continue this litigation absent a stay, and a stay will promote judicial economy. In response, Nestlé argues that it will suffer

4

damage from a stay, as Plaintiffs' appeal in the *Ghirardelli* case lacks merit and a stay would last an unforeseeable and likely protracted amount of time.

For the reasons discussed below, the Court will exercise its broad discretion to manage its docket and grant a one-year stay. If the Ninth Circuit has not provided guidance in *Ghirardelli* by the time the stay expires, Plaintiffs may request an extension.

### A.    Damage to Nestlé if Stay is Granted

Plaintiffs argue that Nestlé must prove it will suffer damage if the Court grants the stay. Nestlé argues that Plaintiffs have the burden to show that the relevant factors favor a stay, and that it does not have any burden to prove it will suffer damage if a stay is issued. The Court agrees with Nestlé that Plaintiffs, as the moving parties, bear the burden of showing that the relevant factors favor a stay. *See Clinton*, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.").

It is undisputed that resolution of the case will be delayed if a stay is granted. Nestlé points out that the median time for the Ninth Circuit to resolve non-prisoner civil appeals on the merits is 15.9 months. *See* Opp. to Mot. to Stay at 2-3 & n.1, ECF 60. Plaintiffs do not challenge that timeline. However, Plaintiffs point out that other district courts have granted a stay where, as here, the nonmoving party has not articulated any concrete prejudice flowing from delay. *See H.M. v. United States*, No. CV 17-00786 SJO, 2017 WL 6888705, at *3 (C.D. Cal. Oct. 16, 2017) ("While Plaintiffs assert that a stay is premature and that there is a possibility of prejudice caused by any undue delay in the litigation, they provide no concrete examples of potential harm."). Plaintiffs also argue that a stay actually will result in conservation of Nestlé's resources. Nestlé relies heavily on *Ghirardelli* in seeking dismissal of the present action with prejudice. Resolution of Plaintiffs' appellate challenges to the *Ghirardelli* rulings potentially will resolve, and certainly will clarify, issues central to disposition of the present action.

On balance, the Court finds that this factor weighs in favor of a stay. The record does not disclose any concrete prejudice to Nestlé if the present action is stayed. To the extent Nestlé simply wants this case off its books, the Court notes that Plaintiffs almost certainly would appeal a dismissal with prejudice, and that appeal would take fifteen-plus months to resolve. Moreover, the

1 Court will address Nestlé's concern about a stay of indeterminate length by limiting the stay to a
2 period of one year, and requiring Plaintiffs to seek an extension if the Ninth Circuit has not yet
3 issued its decision on the *Ghirardelli* appeal.

### B. Hardship to Plaintiffs if Required to Go Forward

Plaintiffs argue that they will face hardship if the Court denies the motion to stay because the Court likely will be influenced by the *Ghirardelli II* dismissal order, which Plaintiffs contend is likely to be overturned on appeal. Plaintiffs assert that *Ghirardelli II*, which emphasized the significance of the Ghirardelli product's back label ingredient list, is undermined by the Ninth Circuit's recent decision in *Moore*. In *Moore*, the Ninth Circuit discussed the impact of the ingredient list on false labeling claims, and it made clear that a labeling claim is not defeated where a back label ingredient list conflicts with a front label claim. *Moore*, 966 F.3d at 1017. Since this Court relied on *Ghirardelli I* when granting Nestlé's prior motion to dismiss, Plaintiffs maintain that Nestlé is "banking on the fact" that this Court will rely on *Ghirardelli II* when evaluating Nestlé's current motion to dismiss.

Nestlé argues that *Ghirardelli II* was correctly decided and is not undermined by *Moore*, and that in any event Plaintiffs can and should argue the asserted infirmities of *Ghirardelli II* in the context of the pending motion to dismiss. In Nestlé's view, Plaintiffs know that the pending motion to dismiss is meritorious and they are simply trying to delay another unfavorable ruling.

The Court finds that under the somewhat unique circumstances presented here, Plaintiffs would suffer hardship absent a stay. The *Ghirardelli* case and the present case involve nearly identical issues. Nestlé expressly relies on *Ghirardelli II* in its pending motion to dismiss, citing *Ghirardelli* more than twenty times in its twelve-page motion and asking this Court to follow the *Ghirardelli* court's reasoning. Given the way Nestlé has framed the issues in the present case, proceeding with the present litigation would require Plaintiffs to expend needless resources when a stay would allow them to wait for definitive guidance. Other courts in this district have found a stay appropriate in similar circumstances. *See Gustavson*, 2014 WL 6986421, at *3 (granting stay where the Ninth Circuit was expected to issue guidance on relevant issues in separate action). Accordingly, this factor weighs in favor of a stay.

### C. The Orderly Course of Justice

Plaintiffs argue that a stay would simplify the present case, as the *Ghirardelli* appeal will resolve central issues such as the impact of the alleged consumer survey and the effect of Plaintiffs' failure to show survey respondents the back label ingredient list. Other district courts in the Ninth Circuit have granted stays where doing so would simplify issues and serve judicial economy. For example, in *L.A. Printex*, the district court granted a stay pending disposition of a state court action where the "key issue in dispute" was the same between the federal and state actions. *L.A. Printex Indus., Inc. v. Did Fabric, Inc.*, No. CV 15-2351-R, 2015 WL 12696174, at *2 (C.D. Cal. Nov. 17, 2015).

Nestlé argues that neither the *Ghirardelli* appeal nor the present case present thorny issues that would warrant a stay. Nestlé also argues that stays pending appeal of a separate action are disfavored in the Ninth Circuit. *See Perron v. Hewlett-Packard Co.*, No. 10-CV-00695-LHK, 2011 WL 1344221, at *2 (N.D. Cal. Apr. 8, 2011) ("[D]istrict courts frequently deny requests for a stay pending appeal of a separate, but related, action."); *ASUSTek Computer Inc. v. Ricoh Co.*, No. C0701942 MHP, 2007 WL 4190689, at *3 (N.D. Cal. Nov. 21, 2007) [T]he Ninth Circuit has acknowledged that a stay pending appeal is of dubious character and may result in indefinite delay.").

The decisions cited by Nestlé are factually distinguishable from the present case. In *Perron*, the plaintiffs moved to stay a class action pending appeal of a separate class action settlement that extinguished the plaintiffs' claims in the case in which a stay was sought. *See Perron*, 2011 WL 1344221, at *1. The district court determined that the plaintiffs had failed to establish prejudice in the absence of a stay, a stay would do little to conserve judicial resources, and a stay might run afoul of the class action settlement. *See id.* at 2-3. In *ASUSTek*, the district found that there was minimal risk of duplication based on the pending appeal and that staying the litigation would prejudice the nonmoving party by requiring it to continue living in the shadow of threatened patent litigation. *See ASUSTek*, 2007 WL 4190689, at *3. Here, Plaintiffs have shown that the *Ghirardelli* appeal involves several key issues in the present case and that a stay would not impose any concrete prejudice on Nestlé.

7

The Court notes that Nestlé has taken pains to show that *CMAX*, *Landis*, *Leyva*, and *Dependable Highway* are factually distinguishable from the present case. As Plaintiffs point out, those cases were cited for the applicable legal standard and not to show factual similarity to the present case. Having applied that legal standard here, this Court finds that judicial economy will be served by staying the present case to await guidance from the Ninth Circuit on identical issues in a nearly identical case. "Considerations of judicial economy are highly relevant in determining whether the orderly course of justice weighs in favor of a stay." *Calvillo Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018). Accordingly, this factor favors granting a stay.

### D. Conclusion

The Court concludes that all three of the relevant factors favor a stay of this case pending disposition of the appeal in the *Ghirardelli* case. Mindful of Nestlé's concern regarding an indefinite stay, the Court will limit the stay to one year and require Plaintiffs to seek an extension if the Ninth Circuit has not yet issued a decision in *Ghirardelli*.

## IV. ORDER

(1) Plaintiffs' motion for a stay is GRANTED through November 22, 2021 or resolution of the *Ghirardelli* appeal, whichever occurs first. In the event that the *Ghirardelli* appeal is not resolved by November 22, 2021, Plaintiffs may seek an extension of the stay. The parties shall submit a joint status report on or before November 22, 2020.

(2) Nestlé's pending motion to dismiss is TERMINATED WITHOUT PREJUDICE to renewal, if appropriate, after the stay is lifted.

(3) The December 17, 2020 hearing date is VACATED.

(4) The Clerk SHALL administratively close this case. This is an internal procedure that does not affect the substantive rights of the Parties. The Parties may request that the case be reopened, if appropriate, upon the lifting of the stay.

(5) This order terminates ECF 55 and 56.

Dated: November 23, 2020

_____
BETH LABSON FREEMAN
United States District Judge