**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN PRESCOTT and LINDA CHESLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NESTLÉ USA, INC.,<br><br>Defendant. | Case No. 19-cv-07471-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STAY**<br><br>[Re: ECF 78] |

Before the Court is a motion to stay filed by Plaintiffs Steven Prescott ("Prescott") and Linda Cheslow ("Cheslow") and opposed by Defendant Nestlé USA, Inc. ("Nestlé"). The motion is fully briefed and has been taken under submission for decision without oral argument. *See* Order, ECF 81. The motion to stay is DENIED.

In this putative class action, Plaintiffs allege that Nestlé deceives consumers into believing that its "Nestlé's Toll House's Premier White Morsels" product contains white chocolate when it does not. The action has been pending for more than two years, and Nestlé's motion to dismiss the operative second amended complaint ("SAC") has been fully briefed for more than one year. The delay in addressing Nestlé's motion is attributable to a stay of litigation that was issued at Plaintiffs' request and over Nestlé's objection in November 2020. *See* Prior Stay Order, ECF 72.

The prior stay was issued pending resolution of an appeal filed in another white chip case that Prescott and Cheslow brought in this district, *Cheslow v. Ghirardelli Chocolate Co.*, No. 19-cv-07467. In *Ghirardelli*, Prescott and Cheslow alleged that Ghirardelli deceives consumers into believing that its "Premium Baking Chips Classic White Chips" product contains white chocolate

when it does not. Nestlé relied heavily on the *Ghirardelli* district court's dismissal order when briefing the motion to dismiss in the present case. "[U]nder the somewhat unique circumstances presented" by the interplay between the present case and *Ghirardelli*, this Court found that it made sense to stay this action while awaiting guidance from the Ninth Circuit in *Ghirardelli*. *See* Prior Stay Order at 6-8, ECF 72. After the stay had been in place for nearly a year, however, Prescott and Cheslow voluntarily dismissed the appeal in *Ghirardelli*. This Court then reopened the present case and rescheduled the hearing on Nestlé's motion to dismiss for January 6, 2022.

Plaintiffs Prescott and Cheslow now seek a second stay, this time pending resolution of appeals in two white chip cases pending in state court, *Salazar v. Walmart Inc.*, Case No. E076006 (Cal. Ct. App. 2020) ("*Walmart*") and *Salazar v. Target Corp.*, Case No. E076001 (Cal. Ct. App. 2020) ("*Target*"). Plaintiffs assert that the trial courts in *Walmart* and *Target* improperly dismissed claims based on allegations that reasonable consumers were fooled into believing that the subject products contain white chocolate when they do not. The *Walmart* and *Target* courts relied on *Ghirardelli*. Although the *Ghirardelli* appeal has been dismissed, Plaintiffs contend that key issues raised in the *Ghirardelli* appeal likewise are raised in the *Walmart* and *Target* appeals. Plaintiffs argue that the state appellate decisions in those cases therefore will provide binding precedent on issues that are relevant to the present case.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

1   Weighing these factors, the Court has no difficulty concluding that Plaintiffs have failed to
2   meet their burden of establishing the need for a second stay in this case.  As to the first factor,
3   possible damage that may result from a stay, Nestlé's pending motion to dismiss already has been
4   delayed for a year awaiting guidance from the Ninth Circuit that never came because Plaintiffs
5   dismissed the *Ghirardelli* appeal.  Requiring Nestlé to wait even longer for a ruling on its motion
6   to dismiss, which is potentially dispositive of this case, would be inequitable on this record.  The
7   Court finds that the first factor weighs against a stay.  As to the second factor, Plaintiffs have not
8   identified any hardship or inequity they will suffer absent a stay.  While Plaintiffs hope that the
9   appeals in *Walmart* and *Target* will result in new case law favoring their position in the present
10  case, there is no guarantee that either appeal will result in a decision, as illustrated by the dismissal
11  of the *Ghirardelli* appeal.  Moreover, Plaintiffs' hope that unfavorable trial court rulings will be
12  reversed does not set Plaintiffs apart from any litigants who hope that state law will develop in
13  their favor.  The current stay motion is distinguishable from the prior stay motion, which was
14  granted based on Nestlé's marked and express reliance on *Ghirardelli* in its briefing and the nearly
15  identical manner in which the issues were presented by the same parties, Prescott and Cheslow, in
16  *Ghirardelli* and this case.  Finally, as to the third factor, this Court is not persuaded that a stay
17  would promote the orderly course of justice.  The issues presented by Nestlé's motion are not
18  particularly complicated and the Ninth Circuit has provided ample guidance on the pleading
19  standards applicable to Plaintiffs' claims brought under California's Unfair Competition Law,
20  False Advertising Law, and Consumer Legal Remedies Act.  *See, e.g.*, *Moore v. Mars Petcare US,*
21  *Inc.*, 966 F.3d 1007 (9th Cir. 2020), *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F. 3d 1225 (9th Cir.
22  2019), and *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008).

**ORDER**

Plaintiffs' motion to stay the litigation is DENIED.

Defendant's motion to dismiss REMAINS SET for hearing on January 6, 2022.

Dated:  December 15, 2021

BETH LABSON FREEMAN
United States District Judge

3