UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN PRESCOTT and LINDA CHESLOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NESTLÉ USA, INC,<br><br>Defendant. | Case No. 19-cv-07471-BLF<br><br>**ORDER STRIKING DEFENDANT'S STATEMENT OF RECENT DECISIONS**<br><br>[Re: ECF 83] |

On December 1, 2021, Defendant filed a Statement of Recent Decisions (ECF 83), listing sixteen decisions issued after briefing on Defendant's motion to dismiss was completed, and advising the Court that a seventeenth decision has been reversed in part. On the same date, Plaintiffs filed a Response (ECF 84), arguing that the Court should not consider the Statement of Recent Decisions. Alternatively, Plaintiffs ask that they be able to provide supplemental briefing on any of the new cases the Court finds persuasive.

The Civil Local Rules provide that a party "may bring to the Court's attention *a relevant judicial opinion* published after the date the opposition or reply was filed." Civ. L.R. 7-3(d)(2) (emphasis added). The filing party shall "provide a copy of the new *opinion* without argument." *Id*. Pursuant to this language, a party may bring to the Court's attention a *single* new decision issued after completion of the briefing. This Court has extended Rule 7-3(d)(2) to accept statements of recent decision citing two or three new cases. However, nothing in the Rules contemplates the filing of a statement listing sixteen new decisions.

The briefing on Defendant's motion to dismiss was completed in August 2020, but the motion was terminated without prejudice when the Court stayed the litigation. *See* Stay Order, ECF 72. Upon lifting the stay in September 2021, the Court gave Defendant the option of re-noticing its previously filed motion to dismiss or, alternatively, filing a revised motion to dismiss. *See* Order Lifting Stay, ECF 75. Defendant opted to re-notice its previously filed motion on October 8, 2021. *See* Notice, ECF 76. By that time, fourteen of the sixteen "recent decisions" had already been issued and Defendant easily could have redrafted its motion to discuss them. Moreover, a cursory review of the sixteen cases shows that they are a mish-mash of product labeling cases that went Defendant's way, spanning a series of unrelated products and claims such as Chapstick, organic almond milk, place of production of mustard, uses of bleach, and compatibility of ear buds. Under these circumstances, it is unreasonable for Defendant to expect the Court to read sixteen new decisions, in addition to those cited in Defendant's briefing, and guess why Defendant finds them relevant to its pending motion.

The Court STRIKES Defendant's Statement of Recent Decisions (ECF 83). If Defendant believes that consideration of the decisions listed in its Statement are important to the Court's consideration of its motion, Defendant may withdraw its previously-filed motion to dismiss and file a revised motion to dismiss addressing all relevant authority.

**IT IS SO ORDERED.**

Dated: December 15, 2021

BETH LABSON FREEMAN
United States District Judge